Brendan J. O'Rourke
Jeffrey A. Horwitz
David A. Munkittrick
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
E-mail: borourke@proskauer.com

*Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WEBSTER HALL ENTERTAINMENT CORP.<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>UNITY GALLEGA OF THE UNITED STATES INC.; and UNITY GALLEGA EAST 11th STREET LLC<br><br>　　Defendants. | **COMPLAINT** |

Plaintiff WEBSTER HALL ENTERTAINMENT CORP. ("Webster Hall Entertainment") alleges as follows for its complaint against Defendants UNITY GALLEGA OF THE UNITED STATES INC. and UNITY GALLEGA EAST 11th STREET LLC (collectively, "Defendants"):

### NATURE OF THE ACTION

1.　Both parties claim rights in trademarks containing or derived from the words "Webster Hall." This action for declaratory relief arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.* (the federal Trademark Act), and related state and common law claims concerning trademark infringement, trademark dilution, unfair competition, and deceptive trade practices.

2. Webster Hall Entertainment operates the well-known nightclub and concert venue known as Webster Hall located at 125 East 11th Street in New York City. Webster Hall is one of North America's most prestigious entertainment venues, located in a 40,000-square-foot architectural landmark. Webster Hall attracts thousands of revelers to its building-wide parties and annual events such as the "Webster Hell" Halloween party and the New Year's Eve Ball. Webster Hall Entertainment also sells t-shirts, hats, and other merchandise under the Webster Hall brand. In connection with these activities and products, Webster Hall Entertainment and/or its predecessor-in-interest have, since July 16, 1996, owned federally-registered trademarks covering "WEBSTER HALL" and "WEBSTER HALL NEW YORK CITY," both of which have been used in commerce since 1992. (U.S. Reg. Nos. 1,986,824 and 1,986,825). Webster Hall Entertainment also owns and uses federally-registered trademarks covering "WEBSTER HELL" and the WH logo, depicted below. (U.S. Reg. Nos. 3,985,806 and 3,612,241).



On February 10, 2017, Webster Hall Entertainment was assigned ownership of the federally-registered trademark covering "WEBSTER HALL RECORDS." (U.S. Reg. No. 2,440,293).

3. Webster Hall Entertainment's trademark registrations are incontestable pursuant to 15 U.S.C. § 1065. Copies of the five registration certificates are attached to this Complaint as Exhibit 1 (collectively, the "Webster Hall marks").

4. Defendants own the building located at 125 East 11th Street in which Webster Hall Entertainment operates. Webster Hall Entertainment and its predecessor-in-interest have

leased the premises at 125 East 11th Street from Defendants, and have been operating their business using the "Webster Hall" name, since 1992.

5. In written correspondence to Webster Hall Entertainment, Defendants have unequivocally stated that Webster Hall Entertainment has no rights in the Webster Hall marks and that Webster Hall Entertainment must license the marks from Defendants. As a result, Defendants have effectively claimed that Webster Hall Entertainment's use of the Webster Hall marks constitutes trademark infringement.

6. As a result of the demands in Defendants' written correspondence, Webster Hall Entertainment's rights in the Webster Hall marks are directly threatened, and Defendants have created an actual, definite, and justiciable case and controversy regarding Webster Hall Entertainment's use of the Webster Hall marks. Through judicial intervention, Webster Hall Entertainment seeks to remove the cloud that Defendants have cast over the Webster Hall marks.

7. Accordingly, Webster Hall Entertainment seeks a declaratory judgment that: (a) Webster Hall Entertainment's use of the Webster Hall marks has not infringed or otherwise violated any of Defendants' federal, state, or common law rights, if any, including but not limited to rights arising under 15 U.S.C. §§ 1114 and 1125; (b) Webster Hall Entertainment has not violated and is not actually or likely to dilute any trademark rights owned by Defendants, including but not limited to under blurring and tarnishment theories under 15 U.S.C. § 1125(c) or state law; and (c) Webster Hall Entertainment has not and is not unfairly competing with Defendants, and has not and is not committing any deceptive trade practices or any other type of tortious activity in violation of federal, state, or common law.

**PARTIES**

8. Webster Hall Entertainment is a New York corporation with its principal place of business at 125 East 11th St., New York, NY 10003.

9. Defendant Unity Gallega of the United States Inc. is a New York not-for-profit with offices at 37-09 31st Avenue, Astoria, NY 11103.

10. Defendant Unity Gallega East 11th Street LLC is a New York limited liability company with offices at 37-09 31st Avenue, Astoria, NY 11103, and, on information and belief, is successor to Defendant Unity Gallega of the United States, Inc.

**JURISDICTION AND VENUE**

11. This Court has subject matter over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and under principles of supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367.

12. This Court has personal jurisdiction over Defendants and venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants conduct business in this district.  Further, Defendants' actions that give rise to the claims herein occurred in New York State and in this judicial district, making jurisdiction proper under N.Y.C.P.L.R. § 302. Additionally, Webster Hall Entertainment is suffering harm in this district.

13. This is an appropriate action for declaratory relief under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  There currently exists an actual, justiciable controversy between the parties regarding Webster Hall Entertainment's use of the Webster Hall marks, and this controversy is of sufficient immediacy and reality to warrant judicial intervention and declaratory relief.

**FACTS**

14. The Webster Hall building, located at 125 East 11th Street, was constructed in 1886.

15. On information and belief, Defendants, or their predecessor-in-interest, purchased the Webster Hall building in 1970, ceased use of the "Webster Hall" name after the purchase, and operated a private social club in the building under the name "Casa Galicia," which name was prominently displayed on signage outside the building.

16. In 1980, under Defendants' ownership, the Webster Hall building became the site of "The Ritz" nightclub, a leading rock music venue in the 1980s. Advertisements and flyers referred to the venue as "The Ritz."

17. In 1992, Defendants leased the Webster Hall building to Ballingers USA, Inc., predecessor-in-interest to Webster Hall Entertainment. When Webster Hall Entertainment took over operations at the building in 1992, the "Webster Hall" name had not been used for over 20 years, and Webster Hall Entertainment brought it back.

18. The lease between Defendants and Webster Hall Entertainment, including later amendments to it, did not require Webster Hall Entertainment to operate under any specific name, and did not purport to license rights to the "Webster Hall" name or any of the Webster Hall marks. Defendants made no claim to the "Webster Hall" name or any of the Webster Hall marks, and did not object to their use by Webster Hall Entertainment. Indeed, the lease agreement was silent concerning the ownership of any rights in the "Webster Hall" name and any of the Webster Hall marks. Rather, the lease actually acknowledged that Webster Hall Entertainment would be doing business as "Webster Hall" and did not impose any conditions or limitations on use of the "Webster Hall" name or any of the Webster Hall marks.

19. If Defendants ever used the "Webster Hall" name or any of the Webster Hall marks at one time, they failed to use such name or marks for a period of over twenty years and, on information and belief, had no intention of using the "Webster Hall" name or any of the Webster Hall marks within a commercially reasonable time from the date they ceased using such name or marks. Thus, if Defendants ever had a protectable interest in the "Webster Hall" name or any of the Webster Hall marks, any such rights were abandoned long before Webster Hall Entertainment first began using the Webster Hall marks in 1992.

20. Webster Hall Entertainment and its predecessor-in-interest have used the WEBSTER HALL and WEBSTER HALL NEW YORK CITY marks in commerce and in connection with their business operations at 125 East 11th Street without interruption since 1992.

21. Webster Hall Entertainment has used the WEBSTER HELL mark in commerce and in connection with its business operations at 125 East 11th Street without interruption since 1994.

22. Webster Hall Entertainment has used the WH mark in commerce and in connection with its business operations at 125 East 11th Street without interruption since 2008.

23. Webster Hall Entertainment and its predecessor-in-interest have used the WEBSTER HALL RECORDS mark in commerce and in connection with their business operations at 125 East 11th Street without interruption since 1997.

24. As noted above, Webster Hall Entertainment owns incontestable federal trademark registrations for the Webster Hall marks. *See* Exhibit 1.

25. At no point during the registration process for the Webster Hall marks in 1995-1996, 2000-2001, 2008-2009, and 2010-2011 did Defendants ever challenge Webster Hall Entertainment's use or registration of the Webster Hall marks. Though Defendants had every

opportunity to oppose applications for the Webster Hall marks at the U.S. Trademark Trial and Appeal Board before the marks were registered, Defendants' challenge did not come until over two decades after Webster Hall Entertainment registered the WEBSTER HALL and WEBSTER HALL NEW YORK CITY marks.

26. Defendants have known about Webster Hall Entertainment's use of the "Webster Hall" name and the Webster Hall marks for over two decades, yet they failed to object to that use, thereby acquiescing in Webster Hall Entertainment's use, and waiving any purported rights Defendants might otherwise have asserted against such use. Webster Hall Entertainment relied on Defendants' delay in asserting any claims, and continued to use the Webster Hall marks. Because of their delay, Defendants are estopped from asserting their purported trademark rights against Webster Hall Entertainment.

27. It was not until February 16, 2017, in correspondence to Webster Hall Entertainment, that Defendants' counsel asserted for the first time that "our client has (and has long had) senior rights in the name Webster Hall, particularly as it relates to the demised premises."

28. Prior to that correspondence, Webster Hall Entertainment began, in 2016, exploring the sale of certain assets of its business to a third party. Such sale would include the valuable good will and recognition that Webster Hall Entertainment has built and embodied in its Webster Hall marks. It was not until after a purchase agreement was executed with a prospective purchaser that Defendants decided, for the very first time, to claim that they held senior rights in the "Webster Hall" name solely by reason of ownership of the building, and despite having abandoned use of the "Webster Hall" name in connection with the building decades earlier.

29. Defendants were well aware of the potential sale many months prior to execution of the purchase agreement, having entered into extensive negotiations with the prospective purchaser in connection with a new lease for the 125 East 11th Street building. On information and belief, at no point during Defendants' negotiations with the prospective purchaser did Defendants ever claim ownership of the "Webster Hall" name or the Webster Hall marks, or suggest a need for a license to the prospective purchaser.

30. Yet in their February 16th letter to Webster Hall Entertainment, Defendants in no uncertain terms demanded payment for continued use of the Webster Hall marks, in effect alleging trademark infringement and seeking to improperly capitalize on Webster Hall Entertainment's Webster Hall marks. Defendants' adoption of an adversarial position was made clear by the following statement in their February 16th letter:

> "Our client would be prepared, on mutually agreeable terms and conditions, to consider licensing any such registered mark(s) to the Tenant of the demised premises or a successor Tenant. This letter is not, and shall not be deemed to be, a waiver of any of our client's rights in any respect, all of which are reserved, including … to seek an injunction against the use of the term Webster Hall in derogation of its rights, or to bring other related claims."

31. Webster Hall Entertainment responded in writing to Defendants on February 18th, 2017, noting Defendants' abandonment of the Webster Hall name and Webster Hall Entertainment's incontestable registered trademarks. Defendants wrote back on February 22nd, 2017, did not address those facts, continued to assert their claims, and highlighted the present controversy, noting they are "willing to discuss this matter … to see if an amicable resolution is possible before resorting to litigation."

32. The fact is, however, that Defendants have never "licensed" the "Webster Hall" name or the Webster Hall marks to Webster Hall Entertainment. Indeed, under black letter U.S. Trademark law, a trademark licensor is under a legal obligation to exercise quality control over

8

any licensed use of its trademark by a licensee. Simply put, Defendants played no role concerning, and exercised no quality control over, Webster Hall Entertainment's decades-long use of WEBSTER HALL and WEBSTER HALL NEW YORK CITY, or the other Webster Hall marks.

33. Defendants' adversarial behavior has created an actual case and controversy regarding Webster Hall Entertainment's use of the "Webster Hall" name and the Webster Hall marks. Webster Hall Entertainment seeks through judicial intervention to remove the cloud that Defendants have cast over the Webster Hall marks.

## COUNT I

### Declaration of Trademark Ownership and Non-Infringement

34. Webster Hall Entertainment repeats and incorporates by reference the allegations in the foregoing paragraphs.

35. For the reasons discussed above, an actual case and controversy exists between Webster Hall Entertainment and Defendants regarding Webster Hall Entertainment's use and rights to the "Webster Hall" name and to Webster Hall Entertainment's registered trademarks covering it.

36. The actual case and controversy that currently exists between Webster Hall Entertainment and Defendants relates directly to whether Webster Hall Entertainment's use and registration of the Webster Hall marks infringe Defendants' trademarks (if they have any applicable trademark rights) or otherwise violate any of Defendants' rights.

37. Webster Hall Entertainment owns trademarks in the Webster Hall marks, including the registrations therefor.

38. Webster Hall Entertainment has not infringed and is not infringing Defendants' trademarks or otherwise violating any of Defendants' rights.

39. Accordingly, Webster Hall Entertainment is entitled to judicial declaration that Webster Hall Entertainment owns the Webster Hall marks, including the registrations therefor, and has not infringed or violated any of Defendants' federal, state, or common law trademark rights.

## COUNT II

### Declaration of No Trademark Dilution

40. Webster Hall Entertainment repeats and incorporates by reference the allegations in the foregoing paragraphs.

41. The actual case and controversy that currently exists between Webster Hall Entertainment and Defendants relates directly to whether Webster Hall Entertainment is actually diluting or likely to dilute any enforceable trademark rights Defendants may have.

42. Even if Defendants were to possess any enforceable trademark rights under federal, state, or common law, Webster Hall Entertainment has not diluted and is not diluting any of Defendants' marks, and Webster Hall Entertainment is not and is not likely to dilute any of Defendants' marks in the future.

43. Accordingly, in the event that Defendants possess any enforceable trademark dilution rights under federal, state, or common law, Webster Hall Entertainment is entitled to a judicial declaration that Webster Hall Entertainment has not violated any such rights, including but not limited to any rights under blurring and tarnishment theories.

## COUNT III

### Declaration of No Unfair Competition, Deceptive Trade Practices, or Other Tortious Activity in Violation of any Federal, State, or Common Law

44. Webster Hall Entertainment repeats and incorporates by reference the allegations in the foregoing paragraphs.

45. The actual case and controversy that currently exists between Webster Hall Entertainment and Defendants relates directly to whether Webster Hall Entertainment has unfairly competed with Defendants, committed deceptive trade practices, and/or committed other business torts.

46. Webster Hall Entertainment has not and is not competing unfairly with Defendants, and Webster Hall Entertainment has not and is not committing any deceptive trade practices or any other type of tortious activity.

47. Accordingly, Webster Hall Entertainment is entitled to a judicial declaration that Webster Hall Entertainment has not competed unfairly with Defendants and has not committed any deceptive trade practices or any other torts in violation of any federal, state, or common law,

## **PRAYER FOR RELIEF**

WHEREFORE, Webster Hall Entertainment prays that Judgment be entered for Webster Hall Entertainment and against Defendants as follows:

A. Declaring the Webster Hall Entertainment has the right to use, license, and sell the Webster Hall marks;

B. Declaring Webster Hall Entertainment has not infringed or violated and is not infringing or violating any of Defendants' federal, state, or common law trademark rights (to the extent Defendants possess any such rights).

C. Declaring Webster Hall Entertainment has not violated and is not actually or likely to violate any of Defendants' federal, state, or common law trademark dilution rights (to the extent that Defendants possess any such rights), and including but not limited to any rights under blurring and tarnishment theories;

11

D.      Declaring that Webster Hall Entertainment has not and is not competing unfairly with Defendants, and has not and is not committing any deceptive trade practices or any other type of tortious activity in violation of federal, state, or common law;

E.      Declaring that Defendants have no exclusive or enforceable right under federal or state law to use, or to prevent others, including Webster Hall Entertainment, from using the name "Webster Hall" as a trademark or service mark in connection with any goods or services in the United States;

F.      Declaring that Defendants have abandoned any alleged rights they have in the "Webster Hall" name or the Webster Hall marks by ceasing use of the "Webster Hall" name, failing to police their alleged rights, and allowing Webster Hall Entertainment to use the Webster Hall marks without exercising control over the quality of the goods or services with which the marks were used;

G.      Declaring that because of Defendants' two-decade-long delay in asserting any objection to Webster Hall Entertainment's use of the "Webster Hall" name and the Webster Hall marks, Defendant is estopped from asserting their purported trademark rights against Webster Hall Entertainment;

H.      Permanently enjoining Defendants from taking any action against Webster Hall Entertainment that arises out of Webster Hall Entertainment's use and registration of the Webster Hall marks;

I.      Finding this to be an "exceptional case" within the meaning of Section 35 of the Lanham Act (15 U.S.C. § 1117) and awarding Webster Hall Entertainment its reasonable attorneys' fees and costs; and

J.     Granting Webster Hall Entertainment such further relief, in law and/or equity, as the Court deems just and proper.

DATED:     March 7, 2017                      Respectfully Submitted,

/s/ *Brendan J. O'Rourke*
PROSKAUER ROSE LLP
Brendan J. O'Rourke
Jeffrey A. Horwitz
David A. Munkittrick
Eleven Times Square
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900
E-mail: borourke@proskauer.com

*Attorneys for Plaintiff*